This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39344

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

   Petitioner-Appellee,

v.

**BRANDY A.,**

   Respondent-Appellant,

and

**MAX P., SR.,**

   Respondent,

**IN THE MATTER OF MAX P.,**

   Child.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Kathleen A. McGarry, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Johnna L. Studebaker
Santa Fe, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     Respondent Brandy A. appeals from a district court judgment terminating her parental rights to Max P. (Child). We issued a calendar notice proposing to affirm. Respondent has responded with a memorandum in opposition. We affirm.

**{2}**     Respondent continues to challenge the sufficiency of the evidence to support the termination of her parental rights to Child. In reviewing the termination of Respondent's parental rights, "[w]e must determine whether substantial evidence supports the trial court's decision." *State ex rel. Children, Youth & Families Dep't v. Elizabeth H.*, 2002-NMCA-061, ¶ 21, 132 N.M. 299, 47 P.3d 859. "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Id.* "Our role is to determine whether the fact[-]finder could properly conclude that the proof requirement below was met." *Id.* In doing so, we do not reweigh the evidence or substitute our judgment for that of the district court on factual matters or on matters of credibility; rather, we view the evidence in the light most favorable to the district court's judgment in determining whether CYFD has met the clear and convincing standard. *See State ex rel. Children, Youth & Families Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 24, 128 N.M. 701, 997 P.2d 833.

**{3}**     The district court terminated Respondent's rights on the independent grounds of "neglect/reasonable efforts" (neglect) and abandonment. [RP 193] Respondent's memorandum in opposition initially addresses the neglect ground. [MIO 5] In considering a neglect basis for termination, the district court determines whether CYFD proved by clear and convincing evidence that the parent has not adjusted and will not in the foreseeable future cure the conditions that disable him or her from properly caring for the child, despite reasonable efforts from CYFD toward reunification of the family. *See State ex rel. Children, Youth & Families Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 13, 133 N.M. 827, 70 P.3d 1266; *see also* NMSA 1978, § 32A-4-28(B)(2) (2005). The district court's decision to terminate parental rights focuses primarily upon " 'the physical, mental and emotional welfare and needs of the children, including the likelihood of the children being adopted.' " *Vanessa C.*, 2000-NMCA-025, ¶ 24 (quoting § 32A-4-28(A)).

**{4}**     Here, the record and the district court's findings of fact and conclusions of law indicate that CYFD presented sufficient evidence that the underlying conditions of neglect would not change in the foreseeable future, despite its reasonable efforts. [RP 193] Specifically, Child was taken into custody in August 2019, due to allegations of abuse and neglect. [RP 1] Child was seventeen months old at the time. [RP 1] At the adjudicatory hearing on the abuse/neglect petition, Respondent did not contest that

Children "are without proper parental care and control or subsistence, education, medical or other care or control" necessary for their well being, as set forth in NMSA 1978, Section 32A-4-2(G)(2) (2018). [RP 54] The factual basis for the plea was based on an incident where Defendant overdosed at a women's shelter, and was found unconscious on the floor of a bathroom, with Child crying at her side. [RP 55]

**{5}** Respondent was ordered to make reasonable efforts to comply with a treatment plan to be provided by CYFD. [RP 57] CYFD provided Respondent with a case plan to address the underlying conditions of abuse/neglect, and attempted to get her to engage, but these efforts were unsuccessful. [RP 194] Respondent refused to acknowledge Child's health issues that resulted from his premature and drug-addicted birth, and Respondent refused to relate to him. [RP 195-196] Respondent was provided with numerous opportunities to follow the treatment plan, but instead continued to consider her own needs above those of Child. [RP 195] Respondent never followed through with sessions and appointments to allow her to become a better parent. [RP 195]

**{6}** Although Respondent claims that the decision to terminate was made too quickly [MIO 6-7], we conclude that there were sufficient grounds to terminate Respondent's rights at this time based on "reasonable efforts" grounds. *See In re Termination of Parental Rights of Reuben & Elizabeth O.*, 1986-NMCA-031, ¶ 30, 104 N.M. 644, 725 P.2d 844 (interpreting the term "foreseeable future" to refer to corrective change within a "reasonably definite time or within the near future"); *see also* NMSA 1978, § 32A-4-29(A) (2009) (stating that "[a] motion to terminate parental rights may be filed at any stage of the abuse or neglect proceeding").

**{7}** As we have stated, the district court also determined that Respondent had abandoned Child. [RP 194] In light of our conclusion that termination was proper under the "reasonable efforts" ground, we need not consider Respondent's challenge to the sufficiency of the evidence to support abandonment as a separate ground for termination. *See State ex rel. Children, Youth & Families Dep't v. Benjamin O.*, 2009-NMCA-039, ¶ 30, 146 N.M. 60, 206 P.3d 171 (stating that abuse or neglect and abandonment are separate and independent grounds for the termination of parental rights).

**{8}** For the reasons set forth above, we affirm.

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**